■ KENNETH WAGNER et al., Appellants-Respondents, v A.B. CHANCE COMPANY-PITMAN DIVISION, Defendant and Third-Party Plaintiff-Respondent-Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Respondent.—In an action, *inter alia,* to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Queens County (Durante, J.), dated December 11, 1989, as, upon a jury verdict, found the plaintiff Kenneth Wagner 60% at fault in the happening of the accident, and (2) the defendant third-party plaintiff cross-appeals from so much of the same interlocutory judgment as dismissed the third-party complaint.

Ordered that the interlocutory judgment is reversed insofar as appealed and cross-appealed from, on the law, and a new trial is granted, with costs to abide the event.

On September 24, 1982, the plaintiff Kenneth Wagner, an employee of the third-party defendant, Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), was injured while he was supervising the installation of a new utility pole in the vicinity of Metropolitan Avenue and 70th Street, in Queens. On that date, Con Edison was using a vehicle known as the Pitman PC 1500 Polecat digger derrick to install new utility poles. The digger derrick was equipped with four jacks, or "outriggers", which are lowered to stabilize the vehicle while it was in operation.

As the plaintiff Kenneth Wagner was retrieving a clip board from the front passenger seat of the digger derrick, another Con Edison employee who was operating the vehicle's controls, lowered the right front stabilizing jack onto Kenneth Wagner's foot. The control panel for all four outriggers was at the rear left of the truck. Consequently, the operator of the controls could not observe the right front jack as it was being lowered.

The plaintiff Kenneth Wagner and his wife commenced the instant action against A.B. Chance Company-Pitman Division (hereinafter Pitman), the manufacturer of the digger derrick, claiming that his injury was a consequence of Pitman's defective design. Pitman commenced a third-party action against Con Edison, claiming that the accident was caused solely by the negligence of Con Edison and its employees.

After a trial, the jury found that the digger derrick was defective and that the defect was a proximate cause of the plaintiff Kenneth Wagner's injury. In addition, the jury found that Kenneth Wagner could have discovered the defect and avoided the injury. The jury found the plaintiff Kenneth Wagner 60% at fault and Pitman 40% at fault in the happening of the accident.

In the third-party action, the jury initially found that Con Edison's negligence was not a proximate cause of the accident. However, the jury apportioned Con Edison's fault at 15%. In light of this inconsistency, and that a jury poll indicated that only four jurors had reached this verdict, the court repeated its charge as it related to the third-party action. After further deliberations, the jury found that Con Edison was negligent but that its negligence was not proximate cause of the accident. The court entered an interlocutory judgment in accordance with the jury's verdict.

On appeal, the plaintiffs and Pitman argue that there were errors in the court's charge to the jury, and as a result, a new trial is necessary. We agree.

The court, although requested to do so, failed to inform the jury that the plaintiff Kenneth Wagner was not responsible for his coworker's actions. In addition, the court informed the jury that Kenneth Wagner was responsible for any misuse of Pitman's equipment, although he was not the operator of the digger derrick. Further, although the court made a general statement that Con Edison was responsible for the conduct of its employees, the court also stated that jury should not find Con Edison negligent if they found that Con Edison had properly trained its employees.

As a result of these errors and omissions, the jury was confused in its determination of the parties' negligence, as demonstrated by the jury's inquiry during deliberations as to whether or not Con Edison was responsible for the actions of its employees, and in its initial verdict, apportioning Con Edison's fault at 15%, despite a finding that Con Edison's negligence was not a proximate cause of the accident. In view of the foregoing, the jury did not reach a fair verdict on the parties' fault, and a new trial is necessary.

In light of this determination, we decline to reach the parties' remaining contentions. Thompson, J. P., Lawrence, Miller and Santucci, JJ., concur.